UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIAMOND BURGAN,

                         *Plaintiff*,

             v.

CITY OF NEW YORK and JOHN DOE
OFFICERS 1—10, individually,

                         *Defendants*.

Case No.:_____

VERIFIED COMPLAINT

DEMAND FOR JURY TRIAL
FED. R. CIV. P. 38(B)

Plaintiff, DIAMOND BURGAN, by and through her attorney, VINCE F. SYKES, ESQ., hereby files this Complaint and Demand for Jury Trial against Defendants CITY OF NEW YORK and JOHN DOE OFFICERS 1—10, alleging as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action under 42 U.S.C. § 1983 seeking redress for the use of excessive force and unconstitutional conduct by members of the New York City Police Department ("NYPD"), acting under color of state law, on or about November 7, 2024, in Manhattan.

2.      Plaintiff, a 36-year-old woman, was subjected to brutal and unreasonable force at the hands of at least ten NYPD officers. She was choked, pulled from her vehicle, run over by a police cruiser, beaten, and repeatedly tased after she lay immobilized on the ground.

3.      As a result of this unlawful conduct, Plaintiff sustained catastrophic injuries, including a shattered knee, torn ligaments, extensive tendon and nerve damage, permanent disability, and ongoing pain and emotional trauma.

*--1--*

4.      The conduct of the individual Defendant Officers was not an isolated act, but was consistent with policies, practices, and customs of the NYPD that tolerate and encourage unconstitutional uses of force. Accordingly, Plaintiff also brings a "Monell" claim against the City of New York.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this case involves violations of 42 U.S.C. § 1983, which raise federal questions concerning the deprivation of Plaintiff's rights.

6.      The Court also has supplemental jurisdiction over related claims based on state law under 28 U.S.C. § 1367.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Southern District of New York.

## PARTIES

8.      Plaintiff DIAMOND BURGAN ("Plaintiff") is a resident of Pennsylvania, who at all relevant times was lawfully present in New York City.

9.      Defendant CITY OF NEW YORK ("NYC" or "The City") is a municipal corporation organized under the laws of the State of New York. The City operates and is responsible for the policies, practices, and customs of the New York City Police Department ("NYPD"), and is subject to suit under both 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

10.     Defendants JOHN DOE OFFICERS 1–10 (collectively, "Defendant Officers") are, upon information and belief, police officers employed by the New York City Police Department, who at all times relevant hereto were acting under color of state law. Their true

--2--

names and shield numbers are not presently known to Plaintiff. They are sued herein in their individual capacities for actions taken under color of law that violated Plaintiff's clearly established constitutional rights.

## FACTUAL ALLEGATIONS

11. On the evening of—on or about—November 7, 2024, at approximately 8:30 p.m., Plaintiff was driving a rental vehicle in Midtown Manhattan near 57th Street between 6th and 8th Avenues.

12. An unmarked police cruiser, occupied by NYPD officers in plain clothes, began pursuing Plaintiff for reasons that remain unclear and that did not involve an immediate threat or dangerous criminal activity.

13. Several additional NYPD officers joined in the pursuit.

14. When Plaintiff stopped her vehicle behind traffic, officers swarmed her car. They smashed windows, pointed a firearm at Plaintiff's head without identifying themselves, and pulled her passengers from the vehicle.

15. One officer entered the back seat and violently placed his hands around Plaintiff's neck, choking her while she remained restrained by her seatbelt.

16. Fearing for her life, Plaintiff accelerated to escape the chokehold and struck another vehicle.

17. Plaintiff exited her car and attempted to move toward the sidewalk when an NYPD cruiser drove directly into her, striking her with great force and pinning her between vehicles.

18. Plaintiff's legs were crushed; she collapsed to the ground, unable to move.

19.     Instead of providing medical care, Defendant Officers continued to assault Plaintiff—striking her with fists and feet and deploying a taser multiple times into her chest and arm while she lay immobilized.

20.     Plaintiff was transported to Bellevue Hospital, where she underwent emergency surgery for a shattered left knee, torn ACL and meniscus, severed tendons, and severe soft tissue and nerve damage.

21.     She remained hospitalized for nearly a month, endured additional surgeries and rehabilitation, and continues to require a wheelchair for mobility.

22.     Plaintiff's injuries are permanent and disabling, leaving her unable to work or perform normal activities of daily life.

23.     Defendant Officers' use of force was excessive, unreasonable, and without lawful justification.

24.     The City of New York, through the NYPD, has tolerated, permitted, and encouraged a culture of excessive force and unconstitutional policing, including inadequate training and supervision regarding use of force, vehicle pursuits, and treatment of arrestees.

## FIRST CAUSE OF ACTION
*Excessive Force – 42 U.S.C. § 1983 (against John Doe Officers 1–10)*

25.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26.     At all relevant times, Defendant Officers were acting as NYPD officers, in the scope of their duties, and therefore under color of law.

27.     On November 7, 2024, Plaintiff was stopped in Midtown Manhattan by officers in an unmarked NYPD vehicle who failed to identify themselves and abruptly blocked Plaintiff's car.

--4--

28. The officers smashed Plaintiff's car windows, pointed a firearm at her head, dragged a passenger from the vehicle, and one officer entered the rear of the car and choked Plaintiff around her neck while she remained secured by a seatbelt.

29. When Plaintiff attempted to exit the vehicle to comply with commands and protect her life, another NYPD officer drove his cruiser directly into her body, pinning her between vehicles for more than a minute.

30. After Plaintiff collapsed to the ground, immobilized and bleeding, officers repeatedly punched and kicked her body, and deployed a taser to her chest and arms three times, despite her lack of resistance and visible injury.

31. The degree of force used—choking, vehicular assault, beating, and repeated tasering—was not objectively reasonable under the circumstances, as Plaintiff posed no immediate threat once restrained and incapacitated.

32. As a direct and proximate result of Defendant Officers' excessive force, Plaintiff sustained catastrophic injuries, including a broken femur, shattered knee, torn ACL and meniscus, severe tendon and nerve damage, permanent disability, and emotional trauma.

## SECOND CAUSE OF ACTION
*Municipal Liability – 42 U.S.C. § 1983 (against City of New York)*

33. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. The constitutional violations by Defendant Officers were not isolated but occurred in the context of the NYPD's systemic practices.

35. The NYPD has a well-documented history of excessive force incidents, including vehicle-related assaults, chokeholds, and taser misuse, which the City has failed to correct.

36.     The City has failed to adequately train its officers in lawful vehicle pursuit protocols, safe arrest techniques, and the constitutional limits on force.

37.     The City routinely fails to discipline officers who use excessive force, thereby creating a culture of impunity.

38.     Upon information and belief, supervisors ratified or ignored the conduct of Defendant Officers on November 7, 2024, including the decision to pursue Plaintiff without probable cause, use chokeholds, deploy tasers on a compliant arrestee, and strike Plaintiff with a vehicle.

39.     These failures in training, supervision, and discipline were the moving force behind Plaintiff's injuries, as they encouraged officers to act with reckless disregard for constitutional rights.

40.     Accordingly, the City of New York is liable under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

### THIRD CAUSE OF ACTION
*Assault and Battery – Under New York Law (against John Doe Officers 1–10)*

41.     Defendant Officers intentionally made physical contact with Plaintiff by choking her, pointing a firearm at her head, striking her with fists and feet, tasing her multiple times, and ramming a police cruiser into her body.

42.     This contact was harmful, offensive, and made without Plaintiff's consent or lawful justification.

43.     Defendant Officers also intentionally placed Plaintiff in apprehension of imminent harmful contact when they pointed a firearm directly at her head, smashed her car windows with batons, and rushed her vehicle without identifying themselves as police officers.

44.    As a direct result of these intentional acts, Plaintiff suffered severe physical injury, psychological trauma, and loss of liberty.

### FOURTH CAUSE OF ACTION
*Negligence and Recklessness (against all Defendants)*

45.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46.    At all relevant times, Defendant Officers owed Plaintiff a duty to act with reasonable care in the performance of their duties as police officers, including the duties to refrain from using unnecessary and dangerous force, to avoid reckless operation of police vehicles, and to protect individuals from foreseeable harm during encounters with law enforcement. Defendant Officers breached those duties by, among other things:

    a) Grabbing Plaintiff by the neck and applying a chokehold while she was restrained by a seatbelt;

    b) Driving a police vehicle into Plaintiff's body and pinning her between vehicles;

    c) Striking Plaintiff repeatedly with fists and feet while she was incapacitated and on the ground;

    d) Deploying a taser multiple times into Plaintiff's chest and arm despite her being visibly injured and unable to resist; and

    e) Failing to summon or render prompt medical assistance after causing her injuries.

47.    At all relevant times, the City of New York owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervision, and retention of its police officers, and to

ensure that NYPD policies and practices protected members of the public from foreseeable harm caused by officers' misconduct. The City breached its duties by negligently and recklessly:

a) Failing to adequately train officers in lawful vehicle pursuit protocols and use of force;

b) Failing to supervise officers who had a history or propensity for excessive force;

c) Retaining officers who engaged in unconstitutional or reckless conduct; and

d) Encouraging or tolerating a culture of impunity within the NYPD regarding excessive force.

48. The negligent and reckless acts of both Defendant Officers and the City of New York directly and proximately caused Plaintiff's catastrophic injuries, including a shattered left knee, torn ligaments, permanent nerve damage, disability, emotional trauma, and economic losses.

49. As a result, Plaintiff has suffered and continues to suffer severe pain and suffering, loss of income, loss of earning capacity, medical expenses, and permanent impairment.

## FIFTH CAUSE OF ACTION
*Respondeat Superior (against City of New York)*

50. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51. At all relevant times, Defendant Officers were employees of the New York City Police Department, acting within the scope of their employment and in furtherance of their duties as police officers.

52. Defendant Officers committed negligent and reckless acts against Plaintiff, including choking her, operating a police cruiser in a dangerous and reckless manner, striking her

with said vehicle, assaulting her physically, deploying a taser multiple times, and failing to provide medical assistance.

53.    Under the doctrine of respondeat superior, the City of New York is vicariously liable for the negligent and reckless acts of its employees committed within the scope of their employment.

54.    As a direct and proximate result of the officers' misconduct, for which the City of New York bears vicarious liability, Plaintiff suffered catastrophic injuries, permanent disability, pain and suffering, economic losses, and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A)  Compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

B)  Punitive damages against the individual Defendant Officers in their individual capacities;

C)  Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

D)  Pre- and post-judgment interest; and

E)  Such other relief as the Court deems just and proper.

Dated:  Pomona, NY
        January 20, 2026                Respectfully submitted,

                                        Vince F. Sykes, Esq.,
                                        Attorney for Plaintiff
                                        8 Carbery Court
                                        Pomona, NY 10970
                                        Tel: (845) 406-1386
                                        vsykes@sykeslawfirm.com

--9--

## VERIFICATION

STATE OF NEW YORK      )
                            ) ss:
COUNTY OF ROCKLAND   )

VINCE F. SYKES, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, states:

I am the attorney of record for the Plaintiff, DIAMOND BURGAN, in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to those matters alleged to be on information and belief, and that as to those matters I believe them to be true.

I am making this verification instead of the Plaintiff because the Plaintiff's residence is outside the county where your deponent maintains his office, and additionally, the Plaintiff is currently detained.

The grounds of my belief as to all matters not stated upon my knowledge are information, books, records, data, and correspondence contained in the deponent's file and conversations had with the Plaintiffs herein.

I affirm that the foregoing statements are true under the penalty of perjury.

Dated: January 20, 2026

Vince F. Sykes, Esq.
Attorney for Plaintiff
8 Carbery Court
Pomona, NY 10970
Tel: (845) 406-1386
vsykes@sykeslawfirm.com

--10--