**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIAMOND BURGAN,<br>*Plaintiff*,<br>v.<br>CITY OF NEW YORK; POLICE OFFICER NICHOLAS ANGELES, individually; POLICE OFFICER NICOLLE RYAN, individually; POLICE OFFICER KERRY VIRGILIO, individually; POLICE OFFICER MUHAMMED AMIR, individually; and JOHN DOE OFFICERS 1—5, individually,<br>*Defendants*. | Case No.: 1:26-cv-00527-VSB-RFT<br>**FIRST AMENDED VERIFIED COMPLAINT**<br>DEMAND FOR JURY TRIAL<br>FED. R. CIV. P. 38(B) |

Plaintiff, DIAMOND BURGAN ("Plaintiff"), by and through her attorney, VINCE F. SYKES, ESQ., files this Amended Verified Complaint and Demand for Jury Trial against Defendants CITY OF NEW YORK; POLICE OFFICERS NICHOLAS ANGELES, NICOLLE RYAN, KERRY VIRGILIO, and MUHAMMED AMIR, individually; and JOHN DOE OFFICERS 1–5, individually, and alleges as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 arising from the use of excessive and unreasonable force against Plaintiff by members of the New York City Police Department ("NYPD"), acting under color of state law, on November 7, 2024, in Manhattan.

2. During the encounter, multiple NYPD officers surrounded Plaintiff's vehicle and engaged in a rapidly escalating physical seizure. Plaintiff alleges that officers broke the windows of the vehicle, subjected her to force about her neck and upper body, forcibly seized and restrained her, and continued to use force during the course of her arrest.

3. The encounter also involved contact between Plaintiff and an NYPD vehicle. Plaintiff alleges that an NYPD vehicle struck and/or pinned her, causing catastrophic injury to her left leg. Although Defendant's discovery has identified several officers who participated in the encounter, the City has not yet identified the officer operating the NYPD vehicle involved in that collision or produced the corresponding police-vehicle collision records.

4. Defendant's disclosures and body-worn-camera production have now identified Officers Nicholas Angeles, Nicolle Ryan, Kerry Virgilio, and Muhammed Amir as officers present and/or involved in the events surrounding Plaintiff's seizure and arrest. Additional officers and actors remain under investigation and are presently designated as John Doe Defendants.

5. As a direct result of the force used during the encounter, Plaintiff sustained severe and permanent injuries, including substantial injury to her left leg and knee requiring emergency hospitalization, surgery, and extensive medical treatment.

6. Plaintiff seeks compensatory and punitive damages against the responsible individual officers and appropriate relief against the City of New York.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this case involves violations of 42 U.S.C. § 1983, which raise federal questions concerning the deprivation of Plaintiff's rights.

8. The Court also has supplemental jurisdiction over related claims based on state law under 28 U.S.C. § 1367.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Southern District of New York.

## THE PARTIES

10. Plaintiff DIAMOND BURGAN ("Plaintiff") is a resident of Pennsylvania and, at all times relevant to this action, was present in the City and State of New York.

11. Defendant CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York and operates the New York City Police Department.

12. Defendant POLICE OFFICER NICHOLAS ANGELES ("Officer Angeles") was at all relevant times a police officer employed by the NYPD and acting under color of state law. Officer Angeles was present and participated in the police encounter, seizure, and arrest of Plaintiff on November 7, 2024.

13. Defendant POLICE OFFICER NICOLLE RYAN ("Officer Ryan") was at all relevant times a police officer employed by the NYPD and acting under color of state law. Officer Ryan was present during and participated in the police encounter and arrest of Plaintiff on November 7, 2024.

14. Defendant POLICE OFFICER KERRY VIRGILIO ("Officer Virgilio") was at all relevant times a police officer employed by the NYPD and acting under color of state law. Officer Virgilio was present during and participated in the police encounter, seizure, and arrest of Plaintiff on November 7, 2024.

15. Defendant POLICE OFFICER MUHAMMED AMIR ("Officer Amir") was at all relevant times a police officer employed by the NYPD and acting under color of state law. Officer Amir participated in Plaintiff's arrest and custody and is identified in NYPD records as an arresting/escorting officer.

16. Defendants JOHN DOE OFFICERS 1–5 ("Doe Defendants") are NYPD officers or other NYPD personnel whose identities and/or precise roles have not yet been disclosed or

determined. The Doe Defendants include, without limitation, the officer who operated the NYPD vehicle that Plaintiff alleges struck and/or pinned her during the encounter. Plaintiff will seek to substitute the true names of these Defendants when their identities are established through discovery.

17. At all relevant times, the individual Defendants acted under color of state law and within the course of their employment as members of the NYPD. They are sued in their individual capacities.

## FACTUAL ALLEGATIONS

18. On November 7, 2024, Plaintiff Diamond Burgan was operating a vehicle in Midtown Manhattan when she became the subject of an NYPD encounter involving multiple officers and police vehicles.

19. The encounter ultimately involved, among others, Defendants Nicholas Angeles, Nicolle Ryan, Kerry Virgilio, and Muhammed Amir, as well as additional NYPD officers whose identities and precise roles remain under investigation.

20. Defendant's discovery has confirmed that Officers Angeles, Ryan, Virgilio, and Amir possessed information concerning and/or participated in the circumstances surrounding Plaintiff's seizure and arrest.

21. During the encounter, multiple NYPD officers converged upon and surrounded Plaintiff's vehicle.

22. Officers approached the vehicle, attempted to gain access to its occupants, and broke one or more windows of the vehicle.

23. Plaintiff alleges that during the initial encounter, while she remained inside the vehicle, an officer entered or reached into the vehicle and applied substantial force to or about Plaintiff's neck and upper body.

24. Plaintiff experienced the force as choking and feared for her safety. The identity of the officer who applied the force to Plaintiff's neck has not yet been conclusively established through Defendant's production and is presently alleged against one of the Doe Defendants.

25. The encounter thereafter escalated and Plaintiff's vehicle moved from its position and came into contact with another vehicle.

26. Multiple NYPD officers and police vehicles continued to converge upon Plaintiff and her vehicle.

27. During the ensuing encounter, an NYPD vehicle came into contact with Plaintiff, causing and/or contributing to severe injury to her left leg and knee.

28. Plaintiff alleges that she was struck and/or pinned by the NYPD vehicle during the encounter.

29. Despite production of body-worn-camera footage identifying numerous officers present at the scene, Defendant City has not yet identified the officer operating the NYPD vehicle involved in the collision with Plaintiff or produced the corresponding police-vehicle collision records. That officer is presently designated as a John Doe Defendant.

30. Following the vehicle encounter, Plaintiff was on or near the ground and was surrounded by multiple NYPD officers, including officers participating directly in her physical seizure and restraint.

31. Officers used physical force to control and restrain Plaintiff during the arrest. The body-worn-camera footage confirms a hands-on, multi-officer seizure and restraint.

32. Officers Angeles, Virgilio, Ryan, and Amir were present at and/or participated in material portions of the encounter, seizure, arrest, and immediate aftermath. The precise degree and nature of each officer's participation is further reflected in body-worn-camera footage and other NYPD records produced during discovery.

33. Officer Amir is additionally identified in NYPD records as an arresting/escorting officer in connection with Plaintiff's arrest and medical treatment following the incident.

34. To the extent that any Defendant Officer did not personally apply the unconstitutional force alleged herein, Plaintiff alleges that officers who were present in immediate proximity to the use of such force, observed or were aware of it, had a realistic opportunity to prevent or terminate it, and failed to do so.

35. Plaintiff sustained an acute and severe injury to her left leg during the encounter.

36. NYPD records generated following the incident identify Plaintiff's left-leg injury as a new injury and document her transportation to Bellevue Hospital for medical treatment.

37. Plaintiff required significant medical treatment for injuries to her left leg and knee, including hospitalization and surgical intervention.

38. Plaintiff's injuries caused substantial pain, impairment and loss of mobility and required continuing medical care and rehabilitation.

39. Custody records following the incident further document the severity of Plaintiff's leg injury, including her use of a wheelchair and her inability at one point to tolerate a leg restraint because of the injury.

40. The body-worn-camera production further establishes that additional NYPD officers were present during material portions of the incident. Defendant's production includes

body-worn-camera footage associated with Officers Nazir Nazary and Nicholas Schiraldi, among others, whose precise roles and potential involvement remain under investigation.

41. Defendant City has not yet completed production of materials necessary to fully identify each officer's role in the incident, including records concerning the police-vehicle collision, use of force, injury documentation, photographs, Aided/EMS records, complete ICAD/DAS materials, and other materials required or contemplated by the SDNY § 1983 Plan.

42. Defendant City likewise has not yet confirmed whether the body-worn-camera production constitutes all footage associated with every NYPD officer present during the material portions of the incident.

43. Plaintiff therefore reserves the right to substitute the true names of the remaining Doe Defendants and to further amend the allegations concerning the respective roles of the individual officers as their identities and involvement are established through discovery.

44. At all relevant times, the individual Defendant Officers were acting under color of state law in their capacities as members of the NYPD.

45. Plaintiff alleges that the force used against her, including force applied during the vehicle encounter and her physical seizure and restraint, was objectively unreasonable under the circumstances and caused or contributed to her severe physical injuries.

## FIRST CAUSE OF ACTION
***Excessive Force – 42 U.S.C. § 1983***
***(Against the Individual Defendant Officers)***

46. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

47. At all relevant times, the individual Defendant Officers were acting under color of state law in their capacities as members of the NYPD.

48. The Fourth Amendment protected Plaintiff from the use of force that was objectively unreasonable under the circumstances.

49. During the November 7, 2024 encounter, one or more of the individual Defendant Officers intentionally used physical force against Plaintiff in effectuating her seizure and arrest.

50. The force used against Plaintiff included force applied to or about her neck and upper body while she was inside the vehicle, physical force used during her seizure and restraint, and force associated with the NYPD vehicle that Plaintiff alleges struck and/or pinned her during the encounter.

51. Officers Angeles, Ryan, Virgilio, and Amir were present and/or participated in material portions of Plaintiff's seizure and arrest, as further reflected in the body-worn-camera footage and NYPD records produced during discovery.

52. One or more Doe Defendant Officers additionally participated directly in the force used against Plaintiff, including the presently unidentified officer who operated the NYPD vehicle that Plaintiff alleges struck and/or pinned her.

53. At the time the challenged force was used, the amount and manner of force employed were disproportionate to any legitimate law-enforcement need and were objectively unreasonable under the totality of the circumstances.

54. The individual Defendant Officers who personally employed such force acted intentionally and knowingly with respect to the physical acts constituting the force.

55. As a direct and proximate result of the excessive force used against her, Plaintiff sustained severe physical injuries, including substantial and permanent injury to her left leg and knee, requiring hospitalization, surgical intervention, rehabilitation, and continuing medical treatment.

56. Plaintiff has additionally suffered physical pain, emotional distress, loss of mobility, disability, loss of enjoyment of life, economic loss, medical expenses, and other damages to be established at trial.

57. The conduct of the responsible individual Defendant Officers deprived Plaintiff of rights secured by the Fourth Amendment, applicable to the States through the Fourteenth Amendment, and is actionable pursuant to 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION**
***Failure to Intervene – 42 U.S.C. § 1983***
***(Against the Individual Defendant Officers)***

58. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

59. At all relevant times, the individual Defendant Officers were acting under color of state law.

60. During the encounter, multiple NYPD officers were present in close proximity to Plaintiff and to other officers participating in her seizure and restraint.

61. To the extent that any individual Defendant Officer did not personally apply the unconstitutional force alleged herein, that officer observed, knew of, or had reason to know that excessive force was being used against Plaintiff.

62. Such officers had a realistic and reasonable opportunity to prevent, stop, or mitigate the unconstitutional force but failed to intervene.

63. The failure of those officers to intervene permitted the unconstitutional force against Plaintiff to occur and/or continue.

64. The identities and respective opportunities to intervene of certain officers remain the subject of ongoing discovery, including review of the body-worn-camera footage and outstanding NYPD records.

65. As a direct and proximate result of the individual Defendant Officers' failure to intervene, Plaintiff suffered the injuries and damages alleged herein.

66. The individual Defendant Officers' failure to intervene deprived Plaintiff of rights secured by the Fourth Amendment, applicable to the States through the Fourteenth Amendment, and is actionable pursuant to 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
***Assault and Battery Under New York Law***
***(Against the Individual Defendant Officers)***

67. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

68. During the November 7, 2024 encounter, individual Defendant Officers intentionally made harmful and offensive physical contact with Plaintiff during her seizure and arrest.

69. Such physical contact included force applied to Plaintiff's neck and upper body, force used to physically seize and restrain her, and, upon information and belief, the use of an NYPD vehicle to strike and/or pin Plaintiff.

70. Plaintiff did not consent to the harmful and offensive contact.

71. To the extent that the force used against Plaintiff exceeded the amount of force reasonably necessary to accomplish a lawful police objective, such contact was unjustified and constituted battery under New York law.

72. Individual Defendant Officers further placed Plaintiff in reasonable apprehension of imminent harmful or offensive physical contact during the encounter, including through their forcible entry into and surrounding of Plaintiff's vehicle and the physical force directed toward her.

73. The responsible officers acted intentionally in committing the physical acts alleged herein.

74. As a direct and proximate result of the assault and battery, Plaintiff suffered severe physical injury, pain and suffering, emotional distress, disability, economic loss, medical expenses, and other damages.

**FOURTH CAUSE OF ACTION**
***Respondeat Superior***
***(Against the City of New York as to the State-Law Claims)***

75. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

76. At all relevant times, the individual Defendant Officers were employees of the City of New York acting within the scope of their employment and in furtherance of their duties as NYPD officers.

77. The acts constituting assault and battery alleged herein occurred during and arose from the individual Defendant Officers' performance of their police duties.

78. The City of New York is therefore vicariously liable under New York law for the tortious acts of its employees committed within the scope of their employment.

79. As a direct and proximate result of those acts, Plaintiff sustained the injuries and damages alleged herein.

**FIFTH CAUSE OF ACTION**
***Municipal Liability – 42 U.S.C. § 1983***
***(Against the City of New York)***

80. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

81. Defendant City of New York, through the NYPD, is responsible for establishing, implementing, supervising, and enforcing policies, practices, training, supervision, and discipline governing the use of force by NYPD officers.

82. Upon information and belief, the constitutional violations alleged herein were caused or contributed to by NYPD customs, practices, and/or deficiencies in the training, supervision, investigation, and discipline of officers concerning the use of force.

83. Upon information and belief, the City knew or should have known that deficiencies in these areas created a substantial risk that NYPD officers would employ excessive or otherwise unconstitutional force during police encounters and arrests, but failed to take reasonable corrective measures.

84. The conduct alleged in this action—including the involvement of multiple officers in the seizure and restraint of Plaintiff and the alleged use of an NYPD vehicle in a manner that caused or contributed to her severe injuries—was caused or facilitated by one or more of these municipal customs, practices, or deficiencies.

85. The City's policies, training materials, disciplinary and complaint histories, force investigations, supervisory records, and other evidence bearing upon municipal liability are substantially within the City's possession and remain the subject of discovery.

86. To the extent established through discovery, the City's customs, practices, failures in training or supervision, and/or deliberate indifference were a moving force behind the violation of Plaintiff's constitutional rights.

87. As a direct and proximate result, Plaintiff suffered the injuries and damages alleged herein.

88. Defendant City of New York is accordingly liable pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## SIXTH CAUSE OF ACTION

***Negligent and/or Reckless Operation of a Police Vehicle***
***(Against John Doe Vehicle Operator and City of New York — Pleaded in the Alternative)***

89. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

90. This cause of action is pleaded in the alternative to Plaintiff's allegation that the NYPD vehicle was intentionally employed as force against her.

91. During the November 7, 2024 encounter, an NYPD officer whose identity has not yet been disclosed operated an NYPD vehicle in the immediate vicinity of Plaintiff.

92. The NYPD vehicle came into contact with and struck and/or pinned Plaintiff, causing or contributing to severe injury to her left leg and knee.

93. If the vehicle contact was not intentional, the Doe Vehicle Operator operated the police vehicle negligently and/or recklessly under the circumstances, including by failing to exercise reasonable care to avoid striking or pinning Plaintiff.

94. The Doe Vehicle Operator was acting within the scope of his or her employment with the City of New York at the time of the occurrence.

95. As a direct and proximate result of such negligent and/or reckless operation, Plaintiff sustained the severe injuries and damages alleged herein.

96. Defendant City of New York is vicariously liable for the negligence of its employee committed within the scope of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIAMOND BURGAN respectfully demands judgment against Defendants as follows:

a) Awarding Plaintiff compensatory damages against the responsible Defendants, jointly and severally to the extent permitted by law, in an amount to be determined at trial, for her physical injuries, pain and suffering, emotional distress, permanent impairment and disability, medical expenses, lost income and earning capacity, loss of enjoyment of life, and other economic and non-economic damages;

b) Awarding punitive damages against the individual Defendant Officers in their individual capacities to the extent permitted by law;

c) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

d) Awarding pre-judgment and post-judgment interest to the extent permitted by law; and

e) Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

September 3, 2026

Respectfully submitted,

Vince F. Sykes, Esq.,
Attorney for Plaintiff
8 Carbery Court
Pomona, NY 10970
Tel: (845) 406-1386
vsykes@sykeslawfirm.com

# VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF ROCKLAND )

VINCE F. SYKES, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, states:

I am the attorney of record for the Plaintiff, DIAMOND BURGAN, in the within action. I have read the foregoing First Amended Complaint and know the contents thereof; the same is true to my own knowledge except as to those matters alleged to be on information and belief, and that as to those matters I believe them to be true.

I am making this verification instead of the Plaintiff because the Plaintiff's residence is outside the county where your deponent maintains his office, and additionally, the Plaintiff is currently detained.

The grounds of my belief as to all matters not stated upon my knowledge are information, books, records, data, and correspondence contained in the deponent's file and conversations had with the Plaintiff herein.

I affirm that the foregoing statements are true under the penalty of perjury.

Dated: September 3, 2026

Vince F. Sykes, Esq.
Attorney for Plaintiff
8 Carbery Court
Pomona, NY 10970
Tel: (845) 406-1386
vsykes@sykeslawfirm.com